In United States District Court
For the District of Delaware

UNITED STATES OF AMERICA

v.

Criminal Complaint

CASE NUMBER: 08-*118-M*

DEVONTRE J. TAYLOR,
        Defendant

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about  June 23, 2008,  in the District of Delaware, Defendant Devontre J. Taylor, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, in violation of Title  18 , United States Code, Section(s)   922(g)(1) and 924(a)(2).

I further state that I am sworn as a  Special Deputy U.S. Marshal and am assigned to the ATF and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Steven Parrott
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

June 23, 2008                                    at     Wilmington, DE
Date                                                         City and State

Honorable Leonard P. Stark
United States Magistrate Judge                    _____
Name & Title of Judicial Officer                   Signature of Judicial Officer

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on June 23, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant DEVONTRE TAYLOR from the Delaware Justice Information System and learned that the defendant has a felony conviction for which he faced incarceration for more than one year. That felony conviction was for Conspiracy 2nd degree. The conviction was on or about July 17th, 2006, in the Superior Court of New Castle County, Delaware.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following. Officer 1 was working in uniform with other officers, walking in an apartment complex in the city of Wilmington, Delaware.

6. Officer 1 told your affiant the following. The officers heard a woman screaming. They followed the sounds of the screams and were able to determine the building and apartment from which the screaming was coming. They heard a woman scream for someone to get out of her apartment. They then heard a man yell that he had a loaded gun.

7. Officer 1 told your affiant the following. Officers entered the building and approached the apartment. At that time the apartment door opened and the defendant stepped out holding a rifle. The officers drew their weapons and arrested the defendant. As they were taking him into custody he made the statement "It's my gun."

8. Another officer, hereinafter referred to as Officer 2, told your affiant that he read the defendant his Miranda warnings at the police station. The defendant said that he understood and agreed to answer questions. He told Officer 2 that the rifle was his and that he had found it.

9. Your affiant interviewed the defendant about four hours after his arrest. He said that he had had been read his rights and knew that he didn't have to speak to your affiant and would be provided a lawyer if he so desired. He stated among other things that he bought the gun "from a junkie" for three hundred dollars. He also said that he "hustles", which your affiant knows to be street slang for drug dealing. The defendant stated that he had the gun for protection because he hustles.

10. Your affiant viewed the seized weapon and found that it is an Ithaca Arms Model M49R, .22 caliber long rifle, serial number 102840. It was loaded with four rounds of ammunition when it was seized. It appeared to your affiant to contain a frame and receiver, and qualifies as a firearm.

11. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms. That agent determined that the seized weapon was manufactured in a state other than Delaware and therefore would have had to cross state lines prior to its possession in Delaware.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did possess in and affecting interstate commerce, a firearm after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2).

Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence this 23rd day of June, 2008.

The Honorable Leonard P. Stark
United States Magistrate Judge